**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**ESTHER SALAS**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 5076<br>NEWARK, NJ 07101<br>973-297-4887 |

November 10, 2015

**LETTER ORDER**

Re:   *Vision Wine & Spirits LLC v. Jacopo Biondi Santi Azienda Agricola, et al.*
      Civil Action No. 15-6177 (ES) (JAD)

Dear Counsel:

   Pending before the Court is Plaintiff Vision Wine & Spirits LLC's Motion for Default Judgment, (D.E. No. 14), against Defendants Jacopo Biondi Santi Azienda Agricola and Jacopo Biondi Santi Fibs S.r.l. The Clerk entered default against Defendants on October 19, 2015. (*See* Docket Entry dated 10/19/15).

   Local Civil Rule 7.1 provides that "[n]o application will be heard unless the moving papers *and a brief*, prepared in accordance with L.Civ.R. 7.2 . . . are filed with the Clerk . . . ." L.Civ.R. 7.1(d)(1) (emphasis added). Local Civil Rule 7.1 further states that "[i]n lieu of filing any brief . . . a party may file a statement that no brief is necessary and the reasons therefor." L.Civ.R. 7.1(d)(4). Plaintiff, however, has failed to file either a brief or a statement that no brief is necessary. (*See* D.E. No. 14).

   Accordingly, Plaintiff's submission "is inadequate under the Local Civil Rules," and Plaintiff's motion must, therefore, be denied without prejudice. *See Developers Sur. & Indemnity, Co. v. NDK Gen. Contractors, Inc.*, No. 06-0086, 2007 WL 542381, at *2 (D.N.J. Feb. 15, 2007) ("Because Plaintiff's application [for default judgment] does not meet the requirements of Local Civil Rule 7.1(d)(1), the Court will not hear Plaintiff's application.").

   Plaintiff may refile a default judgment motion within thirty (30) days of this order. In advance of any such refiling, the Court notes the various factors that Plaintiff must address in support of its default judgment motion.

   "Before entering default judgment, the Court must address the threshold issue of whether it has personal jurisdiction and subject matter jurisdiction over the parties." *Prudential Ins. Co. of Am. v. Bramlett*, No. 08-119, 2010 WL 2696459, at *1 (D.N.J. July 6, 2010).

Further, "[b]efore granting a default judgment, the Court must determine (1) whether there is sufficient proof of service; (2) whether a sufficient cause of action was stated; and (3) whether default judgment is proper." *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (internal citations omitted). And, to determine whether granting default judgment is proper, the Court must make factual findings as to: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

Accordingly, should Plaintiff refile a default judgment motion, that motion must be accompanied by a letter-brief (no more than 7 pages) specifically addressing each of the above factors—in an organized, easy-to-read format using headings (and, if necessary, sub-headings) and numbered paragraphs or bullet points. Any such refiled motion must be submitted within thirty (30) days of this Order.

Plaintiff's pending default judgment motion, (D.E. No. 14), is hereby denied without prejudice.

**SO ORDERED.**

*s/Esther Salas*
**Esther Salas, U.S.D.J.**